Mr. Justice Hernández and Mr. Justice Figueras did not sit at the hearing of this case.

---

## CÍVICO *v.* RODRÍGUEZ.

### APPEAL from the District Court of Mayagüez.

No. 6.—Decided December 10, 1903.

HEIR—LEGATEE.—The heir is obligated to pay the legacy to the legatee.

OBLIGATION—NOVATION.—The novation of an obligation is not established by the simple coincidence of some depositions, unless their truthfulness be evident, this being a matter in which instruments, private documents, or any basis of written evidence are ordinarily made use of.

CONTRACTS.—Contracts in which the amount of the prestations of one or both of the contracting parties exceeds three hundred dollars must be reduced to writing, even though they be private.

DEFAULT.—Persons obliged to deliver or to do something are in default from the moment when the creditor demands the fulfillment of the obligation, judicially or extrajudicially, save in the cases excepted under article 1100 of the Civil Code.

Id.—El deudor de una cantidad de dinero, si incurre en mora, deberá pagar los intereses convenidos, y á falta de convenio, el interés legal, cuando no hubiere pacto en contrario.

Legatario.—Abono de Intereses.—Es requisito indispensable que el testador hubiese dispuesto expresamente el abono de intereses para que el legatario pueda reclamarlos desde la época del fallecimiento de aquél.

Heredero.—Mora.—El heredero incurre en mora desde que el legatario le exija formalmente el pago del legado.

### EXPOSICIÓN DEL CASO.

En el juicio seguido ante el Tribunal de Distrito de Mayagüez entre partes, de la una Don Francisco Cívico en su calidad de heredero de Doña Soledad García y Cívico, como demandante, bajo la representación y dirección del Letrado Don Herbert E. Smith y de la otra Don Abraham Rodríguez y Saint Stelli, como demandado, representado y defendido ante esta Corte Suprema sucesivamente por los Letrados Don José de Diego y Don Eduardo Acuña, sobre cobro de pesos, cuyo juicio pende ante Nos en virtud de recurso de casación, por infracción de ley, hoy de apelación, interpuesto por Don Abraham Rodríguez Saint Stelli contra la sentencia dictada por el referido Tribunal, que copiada literalmente dice así:

"Sentencia.—En la Ciudad de Mayagüez á 10 de Diciembre de 1902, visto en juicio oral y público estos autos declarativos, seguidos entre partes, de una el Letrado Mr. Smith en representación de Don Francisco Cívico, soltero, mayor de edad, industrial, vecino de Cabo Rojo, en su calidad de heredero de Doña Soledad García y Cívico, como demandante; y de la otra el Letrado Sr. de Diego, como mandatario ó representante del demandado Don Abraham Rodríguez Saint Stelli, mayor de edad, casado, propietario y, al igual que su contrario, vecino de Cabo Rojo.

*Resultando:* que el abogado Mr. Smith, en la representación que ostenta, dedujo ante este Tribunal, con fecha 12 de Agosto último, demanda ordinaria contra Don Abraham Rodríguez, basándola en los siguientes hechos: que Don Nicolás Rodríguez, en su testamento elevado á escritura pública, en 6 de Agosto de 1879, legó en su cláusula novena, á Doña Josefa y Soledad García y Cívico. la suma de seis mil pesos españoles: que expirado el plazo que para su pago concedió el testador, el demandado continuó satisfaciendo los intereses de dicha cantidad, habiendo abonado á cuenta, antes de fallecer Doña Josefa, dos mil doscientos pesos, restándole á deber tres mil ochocientos de los que los tres mil correspondían á Doña Soledad, por dere-

ID.—The debtor of a sum of money, if in default, is bound to the payment of the interest agreed upon, or of the legal interest, if there be no agreement, when there has been no stipulation to the contrary.

LEGATEE—PAYMENT OF INTEREST.—It is a necessary requisite that the testator should have expressly ordered the payment of interest for the legatee to have a right to the same from the date of the former's death.

HEIR—DEFAULT.—The heir is in default from the moment the legatee makes a judicial demand for the legacy.

## STATEMENT OF THE CASE.

This is a case prosecuted in the District Court of Mayagüez, by Francisco Cívico, in his capacity as heir of Soledad García y Cívico, plaintiff, represented by her counsel, Herbert E. Smith, against Abraham Rodríguez y Saint Stelli, defendant, represented and defended in this Supreme Court, successively, by José de Diego and Eduardo Acuña, for the recovery of a debt; which case is pending before us on appeal in cassation for violation of law, now appeal, taken by Abraham Rodríguez Saint Stelli, from the judgment, rendered by aforesaid court, which, literally transcribed, reads as follows:

"Judgment.—In the city of Mayagüez, December 10, 1902.—The hearing has been had in this declaratory action prosecuted through his counsel Smith, by Francisco Cívico, single, of legal age, engaged in industrial pursuits, a resident of Cabo Rojo, in his capacity as heir of Soledad García y Cívico, as plaintiff, against the defendant Abraham Rodríguez Saint Stelli, of legal age, married, property-holder and likewise a resident of Cabo Rojo, represented by his counsel José de Diego.

"On August 12, 1902, Smith, on behalf of Francisco Cívico, brought an action in this court against Abraham Rodríguez, based upon the following facts: Nicolás Rodríguez, in his last will and testament, recorded as a public document on August 6, 1879, bequeathed, by the ninth clause thereof, to Josefa and Soledad García y Cívico, the sum of six thousand *pesos*, Spanish money. The term allowed by the testator for the payment of said money having expired, defendant continued to pay the interest thereon, and had paid on account, before the death of Josefa, two thousand two hundred *pesos*, three thousand eight hundred *pesos* still remaining unpaid, whereof three thousand belonged to Soledad, in her own right, and eight hundred as heir of Josefa. When Rodríguez Saint Stelli, on August 16, 1902, executed

cho propio, y los ochocientos restantes, como heredera de Doña Josefa; que al atorgar el Sr. Rodríguez Saint Stelli, en 16 de Agosto de 1902 escritura de hipoteca á favor de Schulze & Co., hizo mención del crédito de tres mil ochocientos pesos á favor de Doña Soledad García y Cívico; que á pesar de las gestiones amistosas practicadas antes de su fallecimiento por Doña Soledad .García y Cívico, no consiguiendo el pago de la citada cantidad ni de sus intereses, desde el 1892; que la Sra. García falleció el 6 de Noviembre de 1901 bajo testamento que fué protocolado el 24 de Enero de 1902, en el que instituyó como único universal heredero á su representado Cívico; que éste Sr. reclamó á Don Abraham Rodríguez el pago del resto del legado, ofreciéndole éste en pago seis cuerdas de terreno; y que la presente demanda, ó sea la que interponía, se hallaba exenta del acto de conciliación á tenor de lo dispuesto en la Sección 16 de la Ley para asegurar la efectividad de sentencias aprobada el 1 de Marzo de 1902, suplicando que previo los trámites legales se declarase con lugar la demanda con las costas á cargo del demandado, solicitando en un otrosí el embargo de bienes del deudor en cantidad bastante á asegurar la sentencia que en su día había de recaer.

*Resultando:* que practicado el embargo interesado se dió traslado de la demanda al demandado para que la contestase en el término de veinte días, habiéndolo hecho á su nombre el Letrado Sr. de Diego, bajo los siguientes hechos: que aceptaba el primero, segundo, tercero, cuarto y quinto de la demanda en cuanto no fuesen incompatibles con los subsiguientes de su contestación; que aceptaba igualmente el sexto de la demanda con la siguiente adición: que el demandante convino con el demandado en aceptar en pago de su acreencia ocho cuerdas de terreno en el barrio de Bajura de Cabo Rojo bajo las siguientes colindancias: N. y O. con Don Julio P. Castro, S. con Doña Nicolasa Font y E. con Rocamora y Hermanos; que firme el convenio Cívico, por consejos de su abogado, á quien había de entregar una gruesa suma, intentó rescindirlo, á lo que se opuso el demandado y que en tal situación se ha interpuesto la demanda que contestaba habiéndose trabado además un embargo injusto con gran perjuicio del demandado, solicitando que se absolviese de la demanda á su representado con las costas al actor, contra quien dedujo, por vía de reconvención, en un otrosí, la correspondiente demanda fundándola en los hechos que á continuación se expresan: Que reproducía el segundo y tercero de su contestación; que el embargo practicado causaba á su defendido daños que en su día se justificarían y solicitando en la súplica de la reconvención, que se declarase con lugar condenando al Sr. Cívico á cumplir la transacción con todas las costas y daños y perjuicios causados á su representado con el embargo en sus bienes practicado.

*Resultando:* que conferido traslado de la reconvención al actor, la contestó alegando que reproducía los hechos y fundamentos de derecho de la demanda; que no era cierto que se hubiese celebrado transacción alguna;

a mortgage deed in favor of Schulze & Co., he mentioned therein the debt of three thousand eight hundred *pesos* in favor of Soledad García y Cívico. Notwithstanding the friendly efforts made by the latter before her death, she did not succeed in obtaining payment of either the principal or the interest thereon from 1892. Señora García died on November 6, 1901, leaving a testament duly recorded on January 24, 1902, wherein his client, Cívico, was constituted her sole and universal heir. Cívico demanded from Abraham Rodríguez payment of the balance of the legacy, and was offered by the latter in settlement six *cuerdas* of land. The action instituted by Cívico was exempt from the 'act of reconciliation', as provided by section 16 of 'An Act to secure the effectiveness of judgments', approved March 1, 1902, and plaintiff prayed that after complying with the legal formalities, the complaint be sustained with costs against defendant, and further prayed that an attachment be levied upon so much of the debtor's property as would be sufficient to secure the effectiveness of the judgment in due time to be rendered.

"The writ of attachment having been issued as requested, notice of the complaint was served upon the defendant, who was given twenty days within which to file his answer. Defendant filed his answer through his counsel, José de Diego, who set forth the following facts: That he accepted the first, second, third, fourth and fifth allegations of the complaint so far as they would not prove inconsistent with the subsequent facts alleged in the answer; that he likewise accepted the sixth allegation of the complaint with the following addition: that the plaintiff agreed with the defendant to accept in settlement of his credit, eight *cuerdas* of land in *barrio* 'Bajura' of Cabo Rojo, the boundaries whereof were: on the north and west, by property of Julio P. Castro, on the south, by that of Nicolás Font, and on the east, by that of Rocamora Hermanos; that Cívico, after accepting the agreement, had tried to rescind it, on the advice of his lawyer, to whom he had to deliver a large sum, which rescission was opposed by defendant, and while matters thus stood, the action was instituted and in addition to this, an unjust attachment had been levied to the prejudice of defendant. He therefore prayed that the complaint be dismissed, with costs against the plaintiff, against whom, in a supplementary prayer, he set up a counter-claim based upon the following facts: He reproduced the second and third allegations of his answer. The attachment levied occasioned damages to his client, which in due time would be proven, and he prayed that the counter-claim be sustained and Cívico condemned to comply with the agreement arrived at, with all the costs and damages caused to his client by the attachment levied on his property. Notice of the counter-claim having been served upon the plaintiff, he answered the same alleging that he reiterated all the facts set up and the law announced in the complaint; that it was not true that any agreement

que tampoco era cierto que Cívico hubiese intentado rescindir contrato alguno por que éste no había existido; que Don Abraham Rodríguez hizo á su representado proposiciones para una transacción que fueron rechazadas por éste; que después de trabado el embargo hizo personalmente y por mediación de algunos amigos nuevas proposiciones que tampoco fueron aceptadas, suplicando que se absolviese de la reconvención á su patrocinado, con las costas al Sr. Rodríguez Saint Stelli.

*Resultando:* que citadas las partes á una comparecencia para proponer pruebas, propusieron la de confesión, documental, cotejo y testifical, las que fueron declaradas pertinentes por auto de 17 de Octubre del presente año, y mandadas á practicar con citación de la parte contraria.

*Resultando.* que entre los documentos acompañados por el actor figura: un testimonio del testamento otorgado por Don Nicolás Rodríguez en 29 de Noviembre de 1873, en cuya cláusula octava lega á Doña Josefa Cívico é hija de ésta, Doña Soledad García, seis mil pesos divisibles entre las dos, disponiendo en la cláusula novena que dicho legado les había de ser entregado á los cuatro meses de su fallecimiento, por sus albaceas, y si por algún acontecimiento imprevisto no pudiese ser en esa fecha, lo habrían de hacer á los diez y ocho meses de haber ocurrido su muerte, instituyendo heredero de todos sus bienes en la cláusula duodécima á su hijo Don Abraham Isaac Rodríguez, á quien también nombraba, en unión de otro, albacea y ejecutor de su testamento: otro testimonio del testamento otorgado en 2 de Noviembre de 1901 por Doña Soledad García y Cívico, en cuya cláusula quinta instituye como su único y universal heredero á su hijo de crianza Don Francisco Cívico; y otro testimonio de la escritura de hipoteca otorgada en 16 de Agosto de 1892 por Don Abraham Rodríguez, á favor de Schulze & Co., en cuya cláusula cuarta el Sr. Rodríguez hace mención de un crédito de tres mil ochocientos pesos á favor de Doña Soledad García como gravámen que pesaba sobre la finca que se hipotecó en dicha escritura.

*Resultando:* que el demandado, entre otras, propuso la prueba testifical habiendo declarado tres testigos en el acto del juicio oral, que encontrándose el día 25 de Julio pasado en la casa de Don Abraham Rodríguez, en Cabo Rojo, presenciaron una transacción celebrada entre dicho señor y Cívico, por la que el primero entregaría al segundo ocho cuerdas de terreno en el barrio de Bajura, para terminar de una vez las diferencias que entre los mismos existían.

*Resultando:* que en el acto del juicio oral, después de practicadas las pruebas, se procedió á informar por los Letrados patronos de las partes, sobre sus respectivas pretensiones, procediéndose á la votación de la sentencia, el día señalado al efecto, 5 del presente mes, constituido el Tribunal en audiencia pública, siéndolo por unanimidad.

*Resultando:* que en la tramitación de este juicio se han guardado las

had been arrived at; neither was is true that Cívico had tried to rescind any contract, which, so far as he was concerned, did not exist; that Abraham Rodríguez had made propositions to his client for a settlement, which were rejected by the latter; that after the attachment had been levied, he had personally and through the intervention of some friends, made new propositions which were likewise rejected; wherefore he prayed that said counterclaim be dismissed, with costs against Rodríguez Saint Stelli.

"The parties being summoned to appear for the proposal of evidence, confession in court, presentation of documents, comparison thereof, and examination of witnesses were proposed, which being declared pertinent by an order of October 17 of this year, were ordered to be taken, the adverse party being cited.

"Among the documents filed by the plaintiff there appear : a certificate of the will executed by Nicolás Rodríguez on November 29, 1873, by the eighth clause of which he bequeaths to Josefa Cívico and her daughter, Soledad García, six thousand *pesos*, to be divided between them, and directed by clause nine, that said legacy be delivered to them by his executors, four months after his death, and if by reason of any unforeseen circumstance it were impossible to do so, then said delivery to be made eighteen months after the date of his death; and by the twelfth clause he constituted as heir to all his property his son Abraham Isaac Rodríguez, whom he also appointed, together with another person, executor of his last will and testament; another certificate of the will executed on November 2, 1901, by Soledad García y Cívico, in the fifth clause whereof she appoints as her sole and universal heir her adopted son Francisco Cívico; and another certificate of the mortgage deed executed on August 16, 1892, by Abraham Rodríguez, in favor of Schulze & Co., in the fourth clause whereof Rodríguez mentions a debt of three thousand eight hundred *pesos* in favor of Soledad García, as an encumbrance existing upon the property mortgaged in said deed.

"The defendant, in addition to other evidence, having offered oral testimony, three witnesses testified at the hearing, that on the 25th of July last, while at the house of Abraham Rodríguez, in Cabo Rojo, they had witnessed an agreement made between said Rodríguez and Cívico whereby the former was to deliver to the latter eight *cuerdas* of land in *barrio* 'Bajura', as a final settlement of the differences existing between them.

"At the oral hearing, after the introduction of the evidence, the counsel for the parties made their arguments, and a day being set for the delivery of judgment, the vote on same being unanimous, and on 5th instant the said judgment was rendered in open court.

"A testator may charge not only his heir, but also his legatee with the

reglas del procedimiento.    Visto, siendo Ponente el Juez Asociado Don Luis Méndez Vaz.

*Considerando:* que el testador puede gravar con mandas y legados, no sólo á su heredero, sino también á los legatarios.

- *Considerando:* que cuando el testador grave con un legado á uno de los herederos, él sólo quedará obligado á su cumplimiento.

*Considerando:* que los derechos á la sucesión de una persona se trasmiten desde el momento de su muerte; que la sucesión se defiere por la voluntad del hombre manifestada en testamento; que la herencia comprende tódos los bienes, derechos y obligaciones de una persona que no se extingan por su muerte y que los herederos suceden al difunto por el hecho sólo de su muerte en todos sus derechos y obligaciones.

*Considerando:* que si bien entre los medios de prueba, admitidos por el Código y la Ley de Enjuiciamiento Civil, figura la de testigo, en el presente caso no se conceptúa por el Tribunal la practicada con bastante fuerza para demostrar la existencia de la transacción que se dice celebrada entre demandado y demandante, no sólo por no haberse hecho ésta constar en un documento privado, por lo menos, si que también por exceder la cuantía de la reclamación objeto de la ameritada transacción de trescientos pesos moneda americana.

*Considerando:* que el litigante, cuyas pretensiones sean totalmente desestimadas, debe ser condenado en costas.

*Vistos* los artículos de la Ley de Enjuiciamiento Civil y del Código aplicables al caso, así como la Orden General 118.

*Fallamos* que debemos declarar y declaramos con lugar la presente demanda y en su consecuencia condenamos al demandado al pago de la cantidad reclamada, intereses legales de la misma, desde el 1 de Diciembre de 1892, y absolvemos al demandante de la reconvención deducida, con todas las costas á cargo del demandado.

Así, por esta nuestra sentencia, definitivamente juzgando, lo pronunciamos, mandamos y firmamos.—Sobre raspado:—á:—ú:—é:—s:—r:—Vale: —c:—e:—r:—n:—n:—r:—n:—También vale.—Arturo Aponte.—J. A. Erwin.—Luis Méndez Vaz.

Publicación.—Leida y publicada fué la anterior sentencia por el Sr. Juez Ponente Don Luis Méndez Vaz, estando el Tribunal celebrando audiencia pública hoy 10 de Diciembre de 1902.—Certifico—Juan Arroyo Mestre''.

*Resultando:* que notificada dicha sentencia á dicho Abraham Rodríguez Saint Stelli interpuso contra ella recurso de casación por infracción de ley, que fué admitido, ordenándose que se remitieran los autos á este Tribunal previa citación y emplazamiento de las partes por el término legal, y,

obligation of making bequests and legacies. When a testator charges one of his heirs with the obligation of making a legacy, said heir shall alone be bound to the fulfillment thereof.

"The rules of procedure have been observed in the conduct of this trial.

" Associate Judge Luis Méndez Vaz prepared the opinion of the court.

" The rights to the succession of a person are transmitted from the moment of his death. Succession is conferred by the will of a person as expressed in a testament. An inheritance includes all the property, rights and obligations of a person, which are not extinguished by his death, and heirs succeed the deceased in all his rights and obligations by the mere fact of his death.

" Although the testimony of witnesses is one of the means of proof admitted by the Civil Code and the Law of Civil Procedure, in the present case the court does not consider the testimony introduced as sufficiently strong to show the existence of the agreement said to have been entered into by the defendant and plaintiff, not only because said agreement was not even set out in a private document, but also because the amount of the claim, which is the object of aforesaid agreement, exceeds three hundred dollars, United States currency.

" The litigant who loses his case on all points should be condemned to pay the costs.

" In view of the provisions of articles of the Law of Civil Procedure and of the Civil Code, applicable to the case, as also General Order No. 118, we adjudge that we should sustain and do sustain the complaint herein, and consequently we condemn the defendant to pay the sum claimed with legal interest thereon, from December 1, 1892, and absolve the plaintiff from the counter-claim set up, with costs against defendant.

" Thus by this our judgment, finally adjudging, do we pronounce, order and sign.—Arturo Aponte.—J. A. Erwin.—Luis Méndez Vaz.—Publication: The foregoing judgment was read and published by Judge Luis Méndez Vaz in open court this December 10, 1902.—Certified by me—Juan Arroyo Mestre".

Notice of this judgment having been served upon the said Rodríguez Saint Stelli, he took an appeal in cassation therefrom for error of law, which appeal was allowed and the record ordered to be forwarded to this court, after summoning the parties to appear within the legal term, and the said parties having entered their appearance, the appeal having been proceeded with as an appeal in cassation, it was subsequently treated as an appeal, in accordance with

personadas éstas, después de haberse tramitado dicho recurso como de casación, se le dió la tramitación correspondiente al de apelación, á virtud de lo dispuesto por la ley de 12 de Marzo último convirtiendo este Tribunal Supremo en Corte Suprema de apelación, habiéndose señalado día para la vista, en la que los abogados de las partes recurrente y recurrida alegaron cuanto estimaron conducente en apoyo de sus respectivas pretensiones.

Abogados del apelante: *Sres. de Diego y Acuña (Eduardo).*
Abogado del apelado: *Sr. Smith.*

El Juez Asociado Sr. Sulzbacher, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal:

*Aceptando* los fundamentos de hecho de la sentencia apelada.

*Resultando:* que en la demanda se pide sea condenado Don Abraham Rodríguez al pago de tres mil ochocientos pesos españoles, equivalentes en oro americano á dos mil doscientos sesenta dollars con los intereses legales desde 1 de Diciembre de 1892 hasta que haga efectiva la cantidad reclamada y costas del juicio, mientras que el demandado interesó se declarara dicha demanda sin lugar con imposición de costas al actor y además formuló reconvención solicitando fuera condenado Don Francisco Cívico á cumplir la transacción efectuada y al pago de los daños y perjuicios causados por el embargo practicado para el aseguramiento de la sentencia, con las costas á su cargo.

*Resultando:* que Don Nicolás Rodríguez en la clásula 9ª de su testamento otorgado en 29 de Noviembre de 1873, ordenó que los seis mil pesos que legaba á Doña Josefa Cívico é hija Doña Soledad García les fueran entregados á los cuatro meses de su fallecimiento, y en el caso de no ser posible por algún acontecimiento imprevisto, se verificara la entrega á los diez y ocho meses improrrogables, bien entendido que desde el vencimiento de los cuatro primeros meses se entregaría á la legataria lo que produjera de alquileres la

the provisions of the law approved March 12 last, converting this Supreme Court into a Supreme Court of Appeals, counsel for appellant and respondent being present and arguing in support of their respective claims.

*Messrs. de Diego* and *Eduardo Acuña,* for appellant.

*Mr. Smith,* for respondent.

MR. JUSTICE SULZBACHER, after making the above state-. ment of facts, delivered the opinion of the court as follows:

The findings of fact contained in the judgment appealed from are accepted.

In the complaint a request is made that Abraham Rodríguez be adjudged to pay three thousand eight hundred *pesos,* Spanish money, being equivalent to $2260, United States currency, and legal interest from December 1, 1892, to the date of payment thereof, with costs of the proceedings; while defendant prayed that the complaint be dismissed with costs against the plaintiff, and further filed a counterclaim, requesting that Francisco Cívico be condemned to comply with the agreement entered into, and to pay the damages attending the attachment levied upon his property to secure the effectiveness of the judgment, with costs against said plaintiff.

It appears that Nicolás Rodríguez, in the ninth clause of his testament, executed on November 29, 1873, ordered that six thousand dollars, bequeathed by him to Josefa Cívico and her daughter Soledad García, be delivered to them four months after his death, and in case this should not be possible by reason of some unforeseen circumstance, then said delivery was to be made eighteen months thereafter, which period could not be extended; with the understanding that after the first four months had expired, the proceeds of the rent earned by the masonry house which the testator owned and which was situated on the plaza of the town of Cabo Rojo, were to be paid to the legatee, deducting from said rent five hundred twelve dollars for pur-

casa de mampostería que el testador poseía en la plaza del pueblo de Cabo Rojo, deduciendo de esos alquileres quinientos doce pesos para los fines que expresa; y si á los diez y ocho meses no pudiera hacerse el pago de la cantidad legada por algún motivo justo, el arreglo del asunto sería negocio entre partes, encargándoles la equidad en avenencia amigable, habiendo nombrado el Don Nicolás heredero suyo, único y universal, á su hijo reconocido Don Abraham Isaac Rodríguez.

*Considerando :* que Don Abraham Rodríguez, como heredero único y universal de Don Nicolás Rodríguez, viene obligado á pagar á Don Juan Cívico el legado que el testador dejó á Doña Josefa Cívico é hija Doña Soledad García, de la cual es actualmente único y universal heredero Don Francisco Cívico, deduciendo de dicho legado los dos mil doscientos pesos españoles que antes de su fallecimiento recibiera Doña Josefa, según confesión de la parte demandante, pues tal obligación se la imponen los artículos 659, 858 y 859 del Código Civil, aplicables al presente caso.

*Considerando :* que si bien los diversos elementos de prueba traidos al juicio demuestran que Don Francisco Cívico y Don Abraham Rodríguez trataron de transigir las diferencias que entre ellos existían con motivo del pago del legado que el primero reclama al segundo, habiendo pretendido éste que se novara la forma del pago verificándose en terrenos en lugar de hacerse en metálico, no se ha justificado la existencia de la novación de la obligación, pues las declaraciones de los testigos que han declarado, los que no fueron llamados para presenciar la transacción que aseguran haberse celebrado entre las partes litigantes, sino que se enteraron de ella por haber ido con otro motivo á la casa de Rodríguez, no son bastantes para llevar al ánimo del Tribunal el convencimiento de que la novación existió, máxime atendido el artículo 1248 del Código Civil antiguo aplicable al caso, que recomienda se evite que por la simple coincidencia de algunos testimonios, á menos que su veracidad

poses mentioned in the will; and if at the expiration of the eighteen months, for some good reason, the sum bequeathed could not be paid, the matter was to be settled between the parties, in a friendly and equitable manner, the testator Nicolás Rodríguez appointing as his sole and universal heir his acknowledged son, Abraham Isaac Rodríguez.

Abraham Rodríguez, as the sole and universal heir of Nicolás Rodríguez, is bound to pay Juan Cívico the legacy left by the testator to Josefa Cívico and her daughter Soledad García, whose sole and universal heir is at present Francisco Cívico, deducting from said legacy the two thousand two hundred *pesos,* Spanish money, which Josefa had received before her death, according to the admission of the party plaintiff, said obligation being imposed upon him by articles 659, 858 and 859 of the Civil Code, applicable to the present case.

Although the various elements of evidence introduced at the trial show that Francisco Cívico and Abraham Rodríguez tried to settle the differences existing between them, in connection with the payment of the legacy which the former claims from the latter, who proposed the novation of the manner of payment by effecting the same in lands instead of money, the existence of such novation of the obligation has not been proven; for the testimony of the witnesses, who had not been called to witness the transaction which they declared was consummated by the parties litigant, but heard of it on the occasion of their visiting the house of Rodríguez on other business, is not sufficient to convince the court that the novation existed, especially in view of article 1248 of the old Civil Code, applicable to the case, which recommends that care be taken to avoid the final decision of matters, upon the strength of testimony of witnesses, unless the truth of the same be evident; in which instruments, private documents, or any basis of written evidence, are ordinarily made use of; to which is added

sea evidente, lo que no ocurre en el presente caso, queden definitivamente resueltos los negocios en que de ordinario suelen intervenir escrituras, documentos privados ó algún principio de prueba escrita, á lo que se agrega el artículo 1280 del mismo Código preceptivo en su número 6, de que se hagan constar por escrito, aunque sea privado, además de los contratos que señala, los demás en que la cuantía de las prestaciones de uno de los dos contratantes exceda de trescientos pesos.

*Considerando:* que según los artículos 1100 y 1108 del Código citado incurren en mora los obligados á entregar ó hacer alguna cosa desde que el acreedor les exija judicial ó extrajudicialmente el cumplimiento de su obligación, sin que sea necesario la intimación del acreedor para que la mora exista cuando la obligación ó la ley lo declaren así expresamente, ó cuando de su naturaleza ó circunstancias resulte que la designación de la época en que había de entregarse la cosa ó hacerse el servicio fué motivo determinante para establecer la obligación, debiendo el deudor de una cantidad de dinero, si incurre en mora, pagar los intereses convenidos, y á falta de convenio el interés legal cuando no hubiere pacto en contrario.

*Considerando:* que en autos no consta que el demandante Don Francisco Cívico, acreedor de un legado de una cantidad de dinero, haya intimado formalmente en fecha concreta y determinada al demandado Don Abraham Rodríguez el pago de dicho legado y que tampoco el testador dispuso expresamente el abono de intereses, requisito indispensable para que desde la época de su fallecimiento correspondiera á los legatarios, al tenor de lo que dispone el artículo 884 del repetido Código citado, por lo cual es claro que sólo procede su pago desde que fué reclamado judicialmente el legado, ó sea desde el día 12 de Agosto del año próximo pasado en que fué presentada la demanda.

*Considerando:* que las pretensiones del demandado no son improcedentes en todas sus partes, pues por lo que se deja

article 1280 of the same Code, which under paragraph 6 provides that besides the contracts mentioned therein, all other contracts in which the amount of the prestations of one of the two contracting parties exceeds three hundred *pesos*, must be reduced to writing, even though it be private.

According to articles 1100 and 1108 of aforesaid Code, "persons obliged to deliver or to do something are in default from the moment when the creditor demands the fulfillment of the obligation, judicially or extrajudicially, the demand of the creditor, in order that default may exist, not being necessary, if the obligation or law declares it expressly, or if by reason of its nature and circumstances it may appear that the fixing of the period within which the thing was to be delivered or the services rendered, was a determinate cause to constitute the obligation;" and when the obligation consists in the payment of a sum of money, and the debtor should be in default, if there be no stipulation to the contrary, he is bound to pay the interest agreed upon, or the legal interest, if there be no agreement.

It does not appear from the record that the plaintiff, Francisco Cívico, creditor by reason of a legacy of a sum of money, had on any particular date made a formal demand upon the defendant, Abraham Rodríguez, for the payment of said legacy, or that the testator had expressly ordered the payment of interest, which is a necessary requisite for his legatee to have a right to the same from the date of his death, according to the provisions of article 884 of aforesaid Code, whence it follows that payment thereof is due from the date when judicial demand of the legacy was made, that is to say, from August 12, 1902, when the action was instituted.

The defendant has not lost his case on all points, for, as shown above, the complaint should be dismissed as regards payment of interest from December 1, 1892, inasmuch as the same is due only from the date of the institution of the

suit, and, therefore, rule 63 of General Order 118, series of 1899, is not applicable to the case at bar.

In view of the aforementioned legal authorities we adjudge that we should affirm and do affirm the judgment of December 10, 1902, from which this appeal is taken, but modify the same to the effect that the defendant Abraham Rodríguez, in addition to the sum claimed, is only bound to pay legal interest thereon from August 12, 1902, when the action was instituted, without special imposition of costs in either the trial court or on appeal. The record is ordered to be returned to the District Court of Mayagüez with the proper certificate.

Chief Justice Quiñones and Justices Hernández and MacLeary concurred.

Mr. Justice Figueras did not sit at the hearing of this case.